DANIEL L. CASAS, Esq. (SBN 116528)
ANTHONY F. BASILE, Esq. (SBN 247409)
CASAS RILEY & SIMONIAN, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200
(650) 948-7220 FAX
Email: dcasas@legalteam.com
       abasile@legalteam.com

*E-FILED - 12/16/09*

Attorneys for Plaintiff
SEDUSA STUDIO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEDUSA STUDIO, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> LISA HELLMAN, an individual, DBA IPOLE Studios and DOES 1-10, inclusive <br><br> Defendants. | Case No. 5:09-CV-2002 RMW <br><br> **STIPULATION AND ORDER FOR INJUNCTION AND JUDGMENT** <br><br> Trial Date: TBD <br><br> Complaint Filed: May 6, 2009 |

### RECITALS

WHEREAS, SEDUSA STUDIO, INC. (SEDUSA STUDIOS) is the sole owner of the Service Mark iPole®, registered in the U.S. Patent and Trademark Office in International Class 41, Registration Number 3,438,901 (the "'901 Mark"); and

WHEREAS, SEDUSA STUDIOS commenced a civil action entitled <u>Sedusa Studio, Inc. v. Hellmann, et al.</u> in the United States District Court in the Northern District of California, Case No. 5:09-CV-2002 RMW (Trademark Infringement Action) against Defendant LISA HELLMAN (HELLMAN) alleging infringement of the '901 Mark; and

1

Casas Riley & Simonian
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

STIPULATION AND ORDER FOR
INJUNCTION AND JUDGMENT
CASE NO. 5:09-CV-2002 RMW

WHEREAS, HELLMAN owns and operates several dance studios offering dance lessons under the name "I POLE DANCE STUDIO"; and

WHEREAS, the parties acknowledge that by approving and signing this order and judgment, they have had an opportunity to obtain independent legal advice from counsel of their own selection with respect to the advisability of executing, and with respect to the execution of, this document; and

WHEREAS, the parties to the Action desire to compromise and settle any and all claims in the Trademark Infringement Action by executing this Stipulation and Order for Injunction and Judgment (Settlement).

NOW THEREFORE, the parties agree as follows:

## ORDER FOR INJUNCTION AND JUDGMENT

1. The '901 Mark is valid and enforceable and not subject to challenge.

2. Within thirty (30) calendar days of the Effective Date, Defendant shall:

    a. Dispose of any and all merchandise and Inventory bearing the '901 Mark.

        i. As used herein, "Defendant" shall mean HELLMAN and any person or entity acting on behalf of HELLMAN including but not limited to her agents, employees, contractors, partners, attorneys, accountants, investigators and any of her associated business entities.

        ii. "Inventory" shall mean any and all inventory bearing the '901 Mark (alone or in combination with other words) or the term "I POLE" which existed as of May 6, 2009.

    b. Cease all operations or efforts which would increase the existing Inventory bearing the '901 Mark or the term "I POLE," including any manufacturing, licensing, advertising, marketing, or efforts to penetrate new markets, vendors, or points of sale.

    c. Cease all marketing and operations under the name "I POLE DANCE STUDIO" or any other name that infringes on the '901 Mark.

    d. Transfer to SEDUSA STUDIOS the domain name, www.ipolestudios.com, and will not register any domain name containing the word (alone or in

Casas Riley & Simonian
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

combination with other words) "iPole" or any other trademark of SEDUSA STUDIOS. *Neither party shall use this domain name.*

e. Pay to Plaintiff the sum of $ *500* — as damages for trademark infringement.

3. In consideration for performance of the obligations described in Paragraphs 1 and 2, Plaintiff, for itself and for its heirs, legal representatives, successors and assigns, does hereby forever release, waive and discharge DEFENDANT and her current and former employees, agents, officers, directors, shareholders, insurers, attorneys, accounting and tax preparers, divisions, subsidiaries, parent corporations, affiliates, related entities, successors and assigns from any and all claims, demands, actions, causes of action, attorney fees and costs, known and unknown, suspected or unsuspected, relating in any manner whatsoever, including but not limited to the matters raised, or that could have been raised, in the Trademark Infringement Action.

4. In consideration for performance of the obligations described in Paragraphs 1 through 3, DEFENDANT, for herself and for her heirs, legal representatives, successors and assigns, does hereby forever release, waive and discharge SEDUSA STUDIOS and its current and former employees, agents, officers, directors, shareholders, insurers, attorneys, accounting and tax preparers, divisions, subsidiaries, parent corporations, affiliates, related entities, successors and assigns from any and all claims, demands, actions, causes of action, attorney fees and costs, known and unknown, suspected or unsuspected, relating in any manner whatsoever, including but not limited to the matters raised, or that could have been raised, in the Counterclaim.

5. It is understood and agreed that this injunction and judgment embodies a compromised settlement of one or more disputed claims.

Casas Riley & Simonian
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

3

STIPULATION AND ORDER FOR INJUNCTION AND JUDGMENT
CASE NO. 5:09-CV-2002 RMW

6. The parties, for themselves and for their heirs, legal representatives, successors and assigns further agree that they will not file or maintain or cause or permit the filing or maintenance, in any state, federal or foreign court, or before any local, state, federal or foreign administrative agency, or any other tribunal or forum, any charge, claim or action of any kind, nature and character whatsoever, known or unknown, which she may now have, has ever had, or may have in the future against each other which is based in whole or in part on any matter referred to herein.

7. Each party shall bear its own respective attorneys' fees and costs.

8. The parties warrant that no part of any claims which provide a basis for the Trademark Infringement Action or otherwise have been assigned to any person or entity.

9. The parties agree to perform any and all acts and to execute and deliver any and all documents which may be reasonably necessary to carry out the provisions of this injunction and judgment, regardless of whether such acts and documents are specifically mentioned herein.

10. The parties understand and agree that the agreements, undertakings, acts and other things done or to be done by the parties under this injunction and judgment shall run to and be binding upon their respective heirs, successors, executors, administrators, assigns and agents.

11. This injunction and judgment constitutes the entire agreement between the parties regarding the subject matter of this injunction and judgment. This injunction and judgment may not be altered, amended, or modified except in writing signed by the parties. If any term, covenant, condition or provision of this injunction and judgment is determined by a

Casas Riley & Simonian
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

4

STIPULATION AND ORDER FOR INJUNCTION AND JUDGMENT
CASE NO. 5:09-CV-2002 RMW

court of competent jurisdiction to be invalid, void or unenforceable for any reason, the remainder of the provisions contained herein or portions thereof shall remain in full force and effect.

12. This injunction and judgment is the product of negotiation and preparation by and among the parties and their attorneys. This injunction and judgment shall not be deemed prepared or drafted by one party or another, or its attorneys, and will be construed accordingly.

13. The rule of law to the effect that ambiguities in any agreement shall be construed against the party drafting the injunction and judgment shall not apply to the construction or interpretation of same.

14. This injunction and judgment may be executed in counterpart.

15. This injunction and judgment shall become final and fully binding upon execution by all parties, and the "Effective Date" of this injunction and judgment shall be the date of the last signature.

16. This injunction and judgment shall be interpreted and construed in accordance with the laws of the State of California. The state and federal courts located in Santa Clara County, California shall have exclusive jurisdiction and venue over all proceedings arising out of or in connection with this injunction and judgment.

17. The parties submit to the continuing jurisdiction of the District Court of the Northern District of California to enforce this injunction and judgment.

18. In the event any legal action or other proceeding is brought for the enforcement of this injunction and judgment, or because of an alleged dispute, breach, default or misrepresentation in connection with any of the provisions of this injunction and judgment, the prevailing party or parties shall be entitled to recover reasonable attorneys' fees and other costs incurred in such action or proceeding from the other party in addition to any other relief to which they may be entitled.

Casas Riley & Simonian
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

5

STIPULATION AND ORDER FOR
INJUNCTION AND JUDGMENT
CASE NO. 5:09-CV-2002 RMW

IN WITNESS WHEREOF, the parties have executed this Stipulated Injunction and Judgment as of the Effective Date.

SEDUSA STUDIO, INC.

12/15/09
DATE

By: *[signature]*
CAROL WHITSETT
Authorized Officer

Approved as to Form:

*[signature]*
Daniel L. Casas, Esq.
Casas Riley & Simonian, LLP

12/10/09
DATE

By: *[signature]*
LISA HELLMANN

The within Injunction and Stipulated Judgment is hereby adopted by the Court as the Judgment for the case and the parties are ordered to comply with its terms.

Dated: 12/16/09

*Ronald M. Whyte*
UNITED STATES DISTRICT COURT

Casas Riley & Simonian
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

6

STIPULATION AND ORDER FOR
INJUNCTION AND JUDGMENT
CASE NO. 5:09-CV-2002 RMW